ORIGINAL

# In the United States Court of Federal Claims

No. 15-776C
Filed January 12, 2016
FOR PUBLICATION

**FILED**

**JAN 1 2 2016**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| MELVIN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; Rule 12(b)(1), Subject-Matter |
| v. | ) | Jurisdiction; Rule 12(b)(6), Failure to |
| | ) | State a Claim; 28 U.S.C. § 1915; 28 |
| THE UNITED STATES, | ) | U.S.C. § 1491(a); 28 U.S.C. § 1346(b)(1); |
| | ) | *In Forma Pauperis*. |
| Defendant. | ) | |
| | ) | |

*Melvin Johnson*, Texarkana, TX, plaintiff *pro se*.

*Jimmy S. McBirney*, Trial Attorney; *Brian A. Mizoguchi*, Assistant Director; *Robert E. Kirschman*, Director; *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I.   INTRODUCTION

Plaintiff *pro se*, Melvin Johnson, brought this action challenging the United States Bureau of Prisons' decision not to perform surgery to remove fatty tissue from his stomach and seeking $7,000,000 in monetary damages from the United States. The government has moved to dismiss the complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), or in the alternative, for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6). Plaintiff has also moved to proceed in this matter *in forma pauperis* and moved for court-appointed counsel. For the reasons set forth below, the Court **GRANTS** defendant's motion to dismiss, **GRANTS** plaintiff's motion to proceed *in forma pauperis* and **DENIES** plaintiff's motion to appoint counsel.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

Plaintiff *pro se*, Melvin Johnson, is an inmate at the Federal Correctional Institution in Texarkana, Texas. Def. Mot. at 2. In this case, plaintiff challenges a decision by the United States Bureau of Prisons ("BoP") not to perform surgery to remove fatty tissue from his stomach. *See generally* Compl. As relief, plaintiff seeks to recover $7,000,000 from the United States. Compl. at 1.

In the complaint, plaintiff alleges that, on May 16, 2014, he "was scheduled to go to Delta Medical Center for treatment of Lapoma's [sic][that are located] on the right side of [his] stomach." *Id.* at 2. Plaintiff further alleges that, a BoP physician, Dr. Edna Prince, told him that he was going to the hospital to "be evaluated for surgery to remove the fatty tissue." *Id.* Plaintiff claims, however, that "the surgery never happened" and that the fatty tissue in his stomach is "getting larger each day." *Id.* As a result, plaintiff also claims that he is experiencing increasing pain. *Id.*

In addition, plaintiff has attached to the complaint a copy of the personal injury administrative tort claim, dated June 3, 2014, that he previously submitted to the BoP. *Id.* at Ex. 1. Plaintiff has also attached the BoP's July 9, 2014 letter acknowledging receipt of this claim. *Id.* In plaintiff's administrative claim, plaintiff seeks $7,000,000 in damages for personal injury from the BoP. *Id.* Plaintiff has not provided the Court with any information about the status of his administrative claim. *Id.*

### B.    Procedural Background

Plaintiff filed the complaint in this matter on July 23, 2015. *See generally* Compl. On that same date, plaintiff also filed a motion to proceed *in forma pauperis*, alleging that he lacks the financial means to pay the Court's filing fee. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. On August 18, 2015, defendant filed a motion to dismiss plaintiff's complaint for lack

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at __"); defendant's motion to dismiss ("Def. Mot. at __"); and plaintiff's response to defendant's motion to dismiss ("Pl. Resp. at __").

of subject-matter jurisdiction, pursuant to RCFC 12(b)(1), or in the alternative, for failure to state a claim, pursuant to RCFC 12(b)(6). *See generally* Def. Mot.

On August 31, 2015, plaintiff filed a motion requesting that the Court appoint him counsel. *See generally* Pl. Mot. On September 17, 2015, the government responded to plaintiff's motion to appoint counsel stating that the government takes no position on plaintiff's motion. *See generally* Def. Resp. to Pl. Mot. Plaintiff did not file a timely response to defendant's motion to dismiss. And so, on September 28, 2015, the Court issued an order instructing plaintiff to show cause on or before October 13, 2015, as to why this action should not be dismissed for failure to prosecute pursuant to RCFC 41(b). *See generally* Order to Show Cause. On October 15, 2015, plaintiff responded to the Court's Order to Show Cause and also filed a response to the government's motion to dismiss. *See generally* Pl. Resp. to Order to Show Cause; Pl. Resp. On December 1, 2015, plaintiff filed medical records with the Court. *See generally* Pl. Records. The government has not filed a reply brief in support of its motion to dismiss.

## III.   STANDARDS OF REVIEW

### A.   *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleadings requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-6 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleadings." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). In this regard while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a

preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, this Court may excuse ambiguities, but not defects, in the complaint. *See Colbert v. United States*, No. 2014-5029, 2015 WL 2343578, at *1 (Fed. Cir. May 18, 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

## B.     RCFC 12(b)(1)

It is well established that this Court's subject-matter jurisdiction must be established before it addresses the merits of a claim. *Plains Comm. Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 324 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998) (Subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits.")). When considering whether to dismiss an action for lack of subject-matter jurisdiction, the Court "must assume all factual allegations to be true and draw all reasonable inferences in the plaintiff's favor." *Redondo v. United States*, 542 F. App'x 908, 910 (Fed. Cir. 2013) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). However, "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *See, e.g., Green v. United States*, 586 F. App'x 586, 587 (Fed. Cir. 2014); *see also McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (noting that the burden of proving that the matter is properly before the Court should rest on the party seeking the Court's jurisdiction). If subject-matter jurisdiction is found to be lacking, the Court must dismiss the action. RCFC 12(b)(1).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In particular, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2011).

The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008).

In addition, this Court does not possess jurisdiction to consider tort claims. 28 U.S.C. § 1491(a)(1); 12 U.S.C. § 1346(b)(1) (2006). Pursuant to 28 U.S.C. § 1346(b)(1), United States District Courts:

> [S]hall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

### C.    RCFC 12(b)(6)

Under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims, a defendant may move for dismissal of the complaint if plaintiff "fail[s] to state a claim upon which relief can be granted." RCFC 12(b)(6). To survive a motion to dismiss under RCFC 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). Pleadings must establish "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly,* 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). And so, "a *pro se* plaintiff still must establish the requisite elements of his

claim." *Sahagun-Pelayo v. United States*, No. 2014-5126, 2015 WL 1004362, at *2, (Fed. Cir. Mar. 9, 2015) (internal citations omitted).

### D.    28 U.S.C. § 1915

Title 28, United States Code, section 1915 governs the treatment of plaintiffs proceedings *in forma pauperis*. Section 1915(a) provides in pertinent part that:

> [The Court] may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). With respect to cases filed by prisoners, section 1915 further provides that:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Prisoners are not, however, relieved of the obligation to pay the Court's filing fee. Section 1915 also requires that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. . . . After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(1) and (b)(2).

Section 1915(e) further allows the Court to request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). In addition, this provision also sets forth the circumstances under which the Court may dismiss a case proceeding *in forma pauperis*. In this regard, section 1915(e)(2) requires that:

> [T]he court shall dismiss the case at any time if the court
> determines that—
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune
>   from such relief.

28 U.S.C. § 1915(e). And so, the Court must dismiss a complaint if the complaint is deemed to be frivolous, or malicious, fails to state a claim, or seeks monetary relief against a defendant that is immune from such relief. *Id.*

## IV.   DISCUSSION

### A.   The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claim

The government has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction upon two grounds. First, the government argues that the Court does not possess jurisdiction to consider plaintiff's claim pursuant to 28 U.S.C. § 1346(b)(1), because plaintiff alleges a negligent or wrongful act or omission of the part of a BoP employee acting within the scope of her employment. Def. Mot. at 5. Second, the government also argues that the Court is without jurisdiction to consider plaintiff's claim under the Tucker Act, because his claim sounds in tort. *Id.* (citing 28 U.S.C. § 1491(a)). For the reasons discussed below, the Court agrees that it does not possess jurisdiction to consider plaintiff's claim. And so, the Court must dismiss the complaint for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 1.   The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claim Against BoP Employees

As an initial matter, the Court does not possess jurisdiction to consider plaintiff's claim challenging the alleged negligent actions of Dr. Prince. It is well established that the United States District Courts have exclusive jurisdiction to consider claims regarding a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

7

In this case, plaintiff alleges that Dr. Prince—a BoP employee—told him that he would be evaluated for surgery to remove fatty tissue, but that "[t]he surgery never happened and the fatty tissue is getting larger each day it remains in [his] stomach." Compl. at 2. It appears that plaintiff is alleging that Dr. Prince engaged in negligent or wrongful acts by deciding not to go forward with this surgery. *See generally* Compl.

It is well established that such claims, involving a "negligent or wrongful act or omission" of a BoP employee acting within the scope of her employment, must be brought in a district court, rather than in this Court. 28 U.S.C. § 1346(b)(1). Given this, section 1346 deprives this Court of jurisdiction to consider plaintiff's claim. And so, the Court must dismiss the complaint. RCFC 12(b)(1).

### 2.   Plaintiff's Tort Claim Is Also Jurisdictionally Barred

To the extent that plaintiff is asserting a tort claim regarding the alleged actions of Dr. Prince or the BoP, the Court similarly does not possess jurisdiction to consider such a claim. 28 U.S.C. § 1491(a)(1). In this regard, the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. *Id.* ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("the Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims" (citing *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993))). As discussed above, it appears that plaintiff is alleging negligence or wrongful acts on the part of Dr. Prince or the BoP. Because such claims sound in tort, the Court may not consider plaintiff's claim.

In addition, it appears that plaintiff is pursuing an administrative remedy to his tort claim pursuant to the Federal Tort Claims Act. *See* Compl. at Ex. 1. In this regard, plaintiff has attached to the complaint a copy of his personal injury administrative tort claim, dated June 3, 2014. *Id.* As discussed above, a district court, rather than this Court, is the appropriate judicial forum to pursue plaintiff's tort claim. 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 1491(a); *Mendiola v. United States*, No. 15–999, 2016 WL 81698, at *3 (Fed. Cl. Jan. 6, 2016) (holding that the Federal Tort Claims Act grants United States district courts exclusive jurisdiction over

8

tort claims against the United States); *Treviño v. United States*, 113 Fed. Cl. 204, 209 (2013) ("This court lacks jurisdiction over claims brought under the FTCA; instead, such claims must be brought in United States district court."). And so, dismissal of the complaint is warranted. RCFC 12(b)(1).

### B.   Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted

Dismissal of the complaint is also warranted because the complaint fails to state a claim upon which relief may be granted. RCFC 12(b)(6). In this regard, plaintiff does not allege any facts in the complaint that would entitle him to recover a money damages from the government. *See generally* Compl. In fact, plaintiff does not allege any wrongdoing on the part of the government in the complaint. *Id.* Rather, plaintiff simply alleges that he was told that he would be evaluated for stomach surgery, and thereafter, the BoP decided not to go forward with the surgery. *Id.* at 2. Plaintiff does not allege in the complaint that this decision was incorrect, or that the BoP, or Dr. Prince, acted negligently. *Id.* And so, plaintiff's complaint does not state a plausible legal claim entitling him to relief from this Court. Because the complaint is devoid of any facts that warrant granting plaintiff relief, the Court must also dismiss the complaint for failure to state a claim upon which relief may be granted. RCFC 12(b)(6); *Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").[2]

### C.   Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* Satisfies The Statutory Requirement

In addition, plaintiff has filed a motion to proceed *in forma pauperis*, in which he requests a waiver of the Court's filing fee. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize commencement of a lawsuit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). In cases where the plaintiff is a prisoner, as here, the plaintiff must also submit "a certified copy of [his] trust fund account

---

[2] Title 28, section 1915, provides an additional ground for dismissal of plaintiff's complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2).

statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2).

Plaintiff has provided a copy of his trust fund account statement in support of his motion to proceed *in forma pauperis*, but the statement has not been certified. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. A review of plaintiff's statement shows that it is an "Inmate Statement" printed from the prison's "TRUWEB" system. *Id.* On July 1, 2015, plaintiff had an available balance of $4.54 and a six-month average daily balance of $47.50. *Id.* This Court has accepted such statements as the "institutional equivalent" of a certified copy of the trust fund account statement. *Bedell v. United States*, No. 15–374, 2015 WL 3823946, at *3 (Fed. Cl. June 18, 2015) (quoting 28 U.S.C. § 1915(a)(2)); *Spencer v. United States*, 98 Fed. Cl. 349, 354 n.8 (2011). And so, after reviewing plaintiff's motion, the Court finds that plaintiff has satisfied the requirements to proceed *in forma pauperis*.[3]

Nevertheless, a prisoner granted *in forma pauperis* status is still "required to pay the full amount of a filing fee" over time. 28 U.S.C. § 1915(b)(1). The Court is required to "assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). Following payment of the initial filing fee, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2); *see Pleasant-Bey v. United States*, 99 Fed. Cl. 363, 366 (2011); *see also Telemaque v. United States*, No. 11–397, 2011 WL 2582201 at *5 (Fed. Cl. June 29, 2011). And

---

[3] A prisoner may not proceed *in forma pauperis* if the prisoner, while detained, previously had three or more complaints dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This is commonly known as the "three-strikes rule." The dismissal of this case counts as a "strike" under 28 U.S.C. § 1915(g).

so, the Court grants plaintiff's motion to proceed *in forma pauperis* for the limited purpose of resolving the government's motion to dismiss.

### D.   Plaintiff's Motion To Appoint Counsel Is Denied As Moot

Lastly, plaintiff has also filed a motion to appoint counsel. *See generally* Pl. Mot. Title 28, United States Code, section 1915(e) allows the Court to request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Nonetheless, because the Court has determined that it does not possess jurisdiction to consider plaintiff's claim, plaintiff's motion to appoint counsel is moot. And so, the Court must deny plaintiff's motion. *See, e.g.*, *Wojtczak v. United States*, No. 12-449, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because . . . plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

## V.   CONCLUSION

In sum, even when reading the complaint in the light most favorable to plaintiff, dismissal of the complaint is warranted, because this Court does not possess subject-matter jurisdiction to consider  plaintiff's claims alleging negligent or wrongful action on the part of a BoP employee.  In addition, the Court does not possess jurisdiction to consider plaintiff's claim sounding in tort, because jurisdiction to consider such claims rests solely with the district courts. Finally, dismissal of plaintiff's complaint is also warranted because the complaint does not allege any wrongdoing on the part of the United States, and as a result, fails to state a claim upon which relief may be granted.  And so, for all of these reasons, the Court must dismiss the complaint. RCFC 12(b)(1); RCFC 12(b)(6).

The Court also denies plaintiff's motion to appoint counsel as moot, because the Court has determined that it does not possess jurisdiction to consider plaintiff's claim.  Finally, because of plaintiff's *pro se* status—and his representation that he is unable to pay the Court's filing fee—plaintiff may proceed in this matter *in forma pauperis* for the limited purpose of resolving the government's motion to dismiss.  Plaintiff must, however, make payments to satisfy the Court's filing fee pursuant to 28 U.S.C. § 1915(b)(1).

And so, for the foregoing reasons, the Court:

    (1) **GRANTS** defendant's motion to dismiss;

    (2) **DENIES** plaintiff's motion to appoint counsel as moot; and

    (3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*, subject to his obligation to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b).

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint.  No Costs.

    **IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge